IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIBREEL FRAZIER,**<br>    **Plaintiff,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES,** *et al.*,<br>    **Defendants.** | :<br>:<br>:<br>:  **CIVIL ACTION NO. 24-CV-2247**<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**SURRICK, J.**                                                                                               **JULY 2, 2024**

Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier *in forma pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Frazier will be given an opportunity to file an amended complaint in the event he can cure the deficiencies identified by the Court.

**I.       FACTUAL ALLEGATIONS**[1]

Frazier claims that he notified Equifax Information Services ("Equifax")[2] of inaccurate and incomplete information on his consumer report and that Equifax failed to properly investigate and correct the information. (Compl. at 5, 8.) Specifically, Frazier alleges that on or

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] Frazier submitted a form complaint, along with an additional document titled "Complaint." The Court will consider these documents together to constitute Frazier's Complaint. (See ECF No. 2 at 1-22.) In the caption of the form complaint, Frazier lists the Defendant as Equifax Information Solutions but refers to the Defendant elsewhere as Experian Information Solutions. (See id. at 3-4.) In the Complaint, he makes clear that the Defendant is Equifax. (Id. at 7.) Thus, reading Frazier's submission as a whole, the Court understands Frazier to bring claims against Equifax, not Experian Information Solutions. Consequently, the Clerk of Court will be directed to terminate Experian Information Solutions as a Defendant.

about May 3, 2024, he used the Equifax dispute center to dispute the completeness and accuracy of a Verizon Wireless account, as well as a Kickoff Lending LLC account. (*Id.* at 8.) He contends that Equifax finished its "alleged investigation[s]" for the Verizon Wireless and the Kickoff Lending accounts on or about May 21 and 22, and that Equifax notified him of the results through its dispute portal. (*Id.* at 8.)[3]

With respect to the Verizon Wireless account, Frazier claims that Equifax informed him that "We verified that this item belongs to you. This account has been updated. Additional information has been provided from the original source regarding this item. The following fields have been modified: *Additional Information." (*Id.* at 9 (capitalization cleaned up).) Frazier contends that when he reviewed a copy of his consumer report on May 24, 2024, he "learned that the statement Equifax made is false." (*Id.*) Frazier asserts that inaccurate information was reported "in the Credit Limit, Terms, Duration, Terms Frequency, Months Revd, Activity Designator, Creditor Classification, Amount Past Due, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, and Date of Last Activity" fields. (*Id.*) He references Exhibit A to his Complaint. (*Id.*) According to Frazier, "[i]t is clear that the information verified and updated by Equifax as a result of their alleged reinvestigation [cannot] be relied upon as there are a plethora of inaccuracies." (*Id.*) He also claims that "[i]t is evident Equifax failed to complete an investigation with regards to the completeness and/or accuracy, as they verified contradicting information, that may have potentially led users viewing the report to be confused as to the payment behavior and/or character of the Plaintiff." (*Id.*)

With respect to the Kickoff Lending LLC account, Frazier avers that he was notified on or about May 3, 2024 by Equifax of the dispute results and was told "We verified that this item

---

[3] Frazier also alleges that he was notified by Equifax of the dispute results for the Verizon Wireless account on May 6, 2024. (See Compl. at 9.)

2

belongs to you.  This account has been updated.  Additional information has been provided from the original source regarding this item.  The following fields have been modified: *Additional Information *Date of last activity *Date of 1ˢᵗ delinquency *Status *Past due *Historical Account Information."  (*Id.* at 10 (capitalization cleaned up).)  However, Frazier contends that he reviewed a copy of his consumer report on May 24, 2024, and Equifax's statement is false because "inaccurate information [is] being reported in Terms, Duration, Activity Designator, Creditor Classification, Amount Past Due, Actual Payment Amount, Date of Last Activity." (*Id.*)  He references Exhibit B to his Complaint in support of this assertion.  (*Id.*)  According to Frazier, the information verified and updated by Equifax is inaccurate.  (*Id.*)  He also asserts that Equifax failed to complete an investigation as to the completeness and accuracy of his information.  (*Id.*)

       Frazier asserts that his credit worthiness has been negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.  (*Id.* at 11.)  He claims that his credit report was disseminated multiple times, resulting in the denial of credit by Digital Federal Credit Union on November 17, 2022.  (*Id.*)  According to Frazier, Equifax acted in a willful manner.  (*Id.*)  As relief, Frazier seeks damages and the deletion of the disputed accounts. (*Id.* at 15.)

## II.    STANDARD OF REVIEW

       Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III.   DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by

commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[4]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Frazier presents several claims based on Equifax's alleged failures to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA. (*See* Compl. at 12-15.) Specifically, he contends that Equifax: failed to follow reasonable procedures to assure maximum possible accuracy of credit reports it prepared concerning Frazier, in violation of § 1681e(b); failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or to delete the item from Frazier's credit files, in violation of § 1681i(a)(1); failed to comply with the reinvestigation requirements of § 1681i(a)(2)(A) by "failing to provide third parties Resurgent Receivables and First Progress with all relevant information regarding" his disputes;[5] failed to review and

---

[5] Resurgent Receivables and First Progress appear to have no relevance to the case at bar.

consider all relevant information submitted by Frazier, in violation of § 1681i(a)(4); and violated § 1681i(a)(5)(A) by failing to promptly delete or modify the disputed items of information. (*Id.*)

As noted above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. The allegations of inaccuracies in Frazier's Complaint are undeveloped. Frazier alleges that he reviewed his consumer report and "noticed multiple inaccuracies, incomplete information and fraudulent account reporting" and that he used the Equifax dispute center to "dispute the completeness and accuracy of a Verizon Wireless account as well as a Kickoff Lending LLC account." (Compl. at 8.) He further claims that after Equifax reported that the accounts had been updated, he noticed "inaccurate information being reported in the Credit Limit, Terms, Duration, Terms Frequency, Months Revd, Activity Designator, Creditor Classification, Amount Past Due, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, and Date of Last Activity" of the Verizon Wireless account, and "inaccurate information being reported in the Terms, Duration, Activity Designator, Creditor Classification, Amount Past Due, Actual Payment Amount, Date of Last Activity" of the Kickoff Lending LLC account. (*Id.* at 9-10.) However, Frazier does not identify the alleged inaccuracies. He has not clearly set forth facts describing what inaccurate information was included in his consumer report, nor alleged any facts about how the information was inaccurate. *See Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information

7

included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). Additionally, the Court will not speculate as to Frazier's claims based on the exhibits he attached to the Complaint. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Furthermore, while Frazier cites to various sections of the FCRA and alleges that Equifax failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), his allegations concerning Equifax's actions, or lack thereof, are wholly conclusory. *See* Compl. at 12-15; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). Accordingly, Frazier fails to allege a plausible claim for relief against Equifax at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against Equifax.  An appropriate Order follows, which provides further instruction as to amendment.

                                                **BY THE COURT:**

                                       */s R. Barclay Surrick*
                                       **R. BARCLAY SURRICK, J.**