IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIBREEL FRAZIER,**      :<br>    Plaintiff,             :<br>                            :<br>v.                          :<br>                            :<br>**EQUIFAX INFORMATION**     :<br>**SERVICES,**               :<br>    Defendant.              : | **CIVIL ACTION NO. 24-CV-2247** |

<u>**MEMORANDUM**</u>

**SURRICK, J.**                                                                                    **AUGUST 1, 2024**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Jibreel Frazier, which raises claims against Defendant Equifax Information Services under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). For the following reasons, the Amended Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In the initial Complaint, Frazier claimed that he notified Equifax of inaccurate and incomplete information on his consumer report and Equifax failed to properly investigate and correct the information. (Compl. at 5, 8.)[2] Specifically, Frazier alleged that on or about May 3,

---

[1] Frazier is a frequent litigant in this Court. *See, e.g., Frazier v. Early Warning Services, LLC*, Civ. A. No. 24-1930 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 24-0264 (E.D. Pa.); *Frazier v. Transunion LLC*, Civ. A. No. 23-4703 (E.D. Pa.); *Frazier v. Transunion, LLC*, Civ. A. No. 23-4453 (E.D. Pa.); *Frazier v. Equifax Information Services*, Civ. A. No. 23-4157; *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3698 (E.D. Pa.); *Frazier v. TransUnion*, Civ. A. No. 23-3637 (E.D. Pa.); *Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3444 (E.D. Pa.); *Frazier v. Connexus Credit Union*, Civ. A. No. 23-2083 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0627 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 22-1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.).

[2] In his initial Complaint, Frazier listed the Defendant as Equifax Information Solutions in the caption and referred to the Defendant elsewhere as Experian Information Solutions. (*See* Compl. at 3-4.) Reading Frazier's submission as a whole, it was clear that Frazier sought to being claims against Equifax.

2024, he used the Equifax dispute center to dispute the completeness and accuracy of a Verizon Wireless account, as well as a Kickoff Lending LLC account.  (*Id.* at 8.)  He contended that Equifax finished its investigations on May 21 and 22, and he was notified of the results through Equifax's dispute portal.  (*Id.* at 8.)[3]

With respect to the Verizon Wireless account, Frazier claimed that Equifax falsely stated that the disputed item was updated.  (*Id.* at 9.)  Frazier asserted that inaccurate information was reported "in the Credit Limit, Terms, Duration, Terms Frequency, Months Revd, Activity Designator, Creditor Classification, Amount Past Due, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, and Date of Last Activity" fields, and referenced Exhibit A to his Complaint.  (*Id.*)  He alleged that there was a "plethora of inaccuracies" and that "[i]t is evident Equifax failed to complete an investigation with regards to the completeness and/or accuracy, as they verified contradicting information."  (*Id.*)

With respect to the Kickoff Lending LLC account, Frazier averred that after he was notified by Equifax that the disputed information had been updated, the following fields were modified: "*Additional Information *Date of last activity *Date of 1st delinquency *Status *Past due *Historical Account Information."  (*Id.* at 10 (capitalization cleaned up).)  He referenced Exhibit B to his Complaint in support of this assertion.  (*Id.*)  He claimed that Equifax's representation was false because "inaccurate information [is] being reported in Terms, Duration, Activity Designator, Creditor Classification, Amount Past Due, Actual Payment Amount, Date

---

Consequently, the Clerk of Court was directed to terminate Experian Information Solutions as a Defendant.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[3] Frazier also alleged that he was notified by Equifax of the dispute results for the Verizon Wireless account on May 6, 2024.  (*See* Compl. at 9.)

of Last Activity." (*Id.*)  He also asserted that Equifax failed to complete an investigation as to the completeness and accuracy of his information.  (*Id.*)

Frazier asserted that his credit worthiness was negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly.  (*Id.* at 11.)  He claimed that his credit report was disseminated multiple times, resulting in the denial of credit by Digital Federal Credit Union on November 17, 2022.  (*Id.*)  As relief, Frazier sought damages and the deletion of the disputed accounts.  (*Id.* at 15.)

In a Memorandum and Order dated July 2, 2024, Frazier was granted leave to proceed *in forma pauperis* and the Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (ECF Nos. 6, 7.)  The Court determined that Frazier failed to sufficiently identify the alleged inaccuracies in his consumer report.  (*See* ECF No. 6 at 6-8.)  The Court explained that Frazier failed to set forth facts describing what inaccurate information was included in the consumer report, and failed to allege any facts about how the information was inaccurate.  (*Id.* at 7.)  The Court further explained that it would not speculate as to any claims based on the exhibits attached to the Complaint, and that Frazier's claims were pled in a wholly conclusory manner.  (*Id.* at 7-8.)  Frazier was allowed thirty-days leave to file an amended complaint.  He did so on July 7, 2024.  (*See* ECF No. 8, "Am. Compl.".)[4]  Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

In the Amended Complaint, Frazier alleges that he reviewed his Equifax consumer report on May 2, 2024 and noticed that it contained false and inaccurate information.  (Am. Compl. at 3.)  He avers that he used Equifax's dispute center on or about May 3 to dispute the

---

[4] Frazier submitted a form complaint, along with an additional document titled "Complaint."  The Court will consider these documents together to constitute Frazier's Amended Complaint.  (*See* Am. Compl. at 1-22.)

3

completeness and accuracy of a Verizon Wireless and Kickoff Lending LLC accounts, and was notified of the investigation results on the portal on May 21 and 22. (*Id.* at 7.) However, he contends that his Equifax consumer report continues to contain inaccurate information as of July 4. (*Id.*)

With regard to the Verizon Wireless account, Frazier claims that the consumer report contains incomplete and inaccurate information in the following sections: credit limit, terms, duration, terms frequency, months revd, activity designator, creditor classification, amount past due, date of last payment, actual payment amount, scheduled payment, and date of last activity. (*Id.* at 8.) With respect to the date of last payment, scheduled payment, term duration, term frequency, and actual payment amount fields, Frazier describes the fields and alleges that Equifax "failed to properly furnish this information and has not assured Plaintiff the maximum possible accuracy" of the information. (*See id.* at 8-10.) With respect to the activity designator field, Frazier alleges that this field "typically refers to codes that indicate the status of your credit accounts, such as 'I' for installment accounts or 'R' for revolving accounts. It helps categorize and understand different types of credit activities, however the above mentioned status is not reflected on Plaintiff's consumer report." (*Id.* at 9.) According to Frazier, the information cannot be relied upon because it contains "a plethora of inaccuracies." (*Id.* at 10.) Frazier also contends that Equifax failed to "provide a file upon request, verified inaccurate information, and verify contradicting information." (*Id.*) In support of these statements, he refers to Exhibit A. (*Id.* at 8.)

With regard to the Kickoff Lending account, Frazier contends that Equifax "continues to report incomplete and inaccurate information in the terms duration, activity designator, amount past due, actual payment amount, date of last activity sections." (*Id.* at 11.) Frazier describes the

4

"term duration" field, and alleges that Equifax "failed to properly furnish the correct information" in this field. (*Id.*) He again alleges that the "activity designator" field "typically refers to codes that indicate the status of your credit accounts, such as 'I' for installment accounts or 'R' for revolving accounts. It helps categorize and understand different types of credit activities, however the above mentioned status is not reflected on Plaintiff's consumer report." (*Id.*) Frazier also alleges that the "date of last payment" field "is the date when the most recent payment was made on a specific credit account. It is an essential piece of information as it indicates how recently a payment was received on the account. Upon information and belief, Plaintiff's date of last payment should not reflect a mark for the last date of payment." (*Id.*) He refers to Exhibit B in support of these allegations. (*Id.*) Frazier again contends that the information reported by Equifax with respect to this account cannot be relied upon due to "a plethora of inaccuracies." (*Id.* at 12.) He also asserts that Equifax "verified contradicting information, that may have led users viewing the report to be confused as to the payment behavior and/or character of the Plaintiff." (*Id.*)

      Frazier claims that his credit worthiness has been negatively impacted because the credit reporting is "materially misleading and is being interpreted incorrectly." (*Id.*) Frazier contends that his credit report was disseminated multiple times and he was denied credit by Digital Federal Credit Union on or about April 29, 2024. (*Id.* at 13.) He also claims to have suffered emotional harm. (*Id.*) According to Frazier, Equifax's conduct was "willful and carried out in a reckless disregard" for his rights. (*Id.*) As relief, Frazier seeks monetary damages and the deletion of the disputed accounts from his consumer report. (*Id.* at 4, 16.)

## II.     STANDARD OF REVIEW

Since Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.* (internal quotation omitted).

## III.    DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting

6

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[5]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting

---

[5] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

7

agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

8

Frazier asserts several claims based on the alleged failures of Equifax to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA.  (*See* Am. Compl. at 13-16.)[6]  The Court, therefore, first must consider whether Frazier plausibly alleged that his consumer report contained inaccurate information.  Frazier again fails to sufficiently address this threshold question.

Frazier claims that after he notified Equifax of inaccuracies in his Verizon Wireless account and Equifax reported that the account had been updated, Equifax "continues to report incomplete and inaccurate information" in certain fields.  (*See id.* at 8 (listing the following fields: "credit limit, terms, duration, terms frequency, months revd, activity designator, creditor classification, amount past due, date of last payment, actual payment amount, scheduled payment, and date of last activity sections.").)  With respect to some of these fields, Frazier further alleges that Equifax "failed to properly furnish" correct information after being notified of an inaccuracy.  (*See id.* at 8-10 (referencing the date of last payment, scheduled payment, term duration, term frequency, and actual payment fields).)  He also asserts that the "activity designator" section does not mention a status pertaining to the Verizon Wireless account.  (*Id.* at 9.)  Frazier presents similar allegations regarding the Kickoff Lending account.  (*See id.* at 11 (claiming that Equifax reported incomplete and inaccurate information in the following fields: terms duration, activity designator, amount past due, actual payment amount, and date of last

---

[6] Frazier contends that Equifax: failed to follow reasonable procedures to assure maximum possible accuracy of credit reports it prepared concerning Frazier, in violation of § 1681e(b); failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the status of the disputed information or to delete the item from Frazier's credit files, in violation of § 1681i(a)(1); failed to comply with the reinvestigation requirements of § 1681i(a)(2)(A) by "failing to provide third parties Verizon Wireless and Kickoff Lending with all relevant information regarding" his disputes; failed to review and consider all relevant information submitted by Frazier in violation of § 1681i(a)(4); and violated § 1681i(a)(5)(A) by failing to promptly delete or modify the disputed items of information. (Am. Compl. at 13-16.)

activity); (claiming that Equifax "failed to properly furnish the correct information" with respect to the term duration, activity designator, and date of last payment fields).)[7]

Frazier's Amended Complaint consists of descriptions and explanations of the various fields on a consumer report, (*see id.* at 8-11), but lacks facts to support his assertions that the consumer report contains inaccurate or incomplete information. Therefore Frazier's Amended Complaint suffers from the same deficiencies found in his initial Complaint. As explained in the Court's July 2 Memorandum, and as the Court has explained in numerous prior civil actions filed by Frazier, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *See Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. Here, Frazier has not clearly set forth facts describing what inaccurate or incomplete information was included in his consumer report, nor alleged any facts about how the information was inaccurate or incomplete.

In *Williams v. Experian Information Solutions, Inc.*, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*), the United States Court of Appeals for the Third Circuit affirmed the dismissal of a plaintiff's FCRA claims that consisted "almost entirely of conclusory allegations" of "inaccurate" information. The court found that the plaintiff failed to "allege how or why . . . [the information at issue] was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." *Id.* The court pointed out, as an example, that the plaintiff "did not specify whether the . . . account information was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Id.* at *1 n.2. In

---

[7] Frazier's allegation is inaccurate with respect to the "date of last payment." It is reflected on the consumer report as February 1, 2024. (*See* Am. Compl. at 22.)

10

the case at bar, Frazier's Amended Complaint similarly lacks factual support and simply does not allege how the information is inaccurate.  As pled, the Amended Complaint does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect."  In addition, as has repeatedly been explained to Frazier in prior Memoranda, the Court will not speculate as to his claims based on the exhibits attached to his pleading.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Even under a liberal construction of the Amended Complaint, Frazier has failed to allege sufficient facts to support a plausible inference of a claim under § 1681e(b) or § 1681i(a) and his case will be dismissed.  *See, e.g., Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June

26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).[8]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Frazier had two opportunities to allege plausible claims. The Court concludes that a further opportunity to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order dismissing this case follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[8] Furthermore, as noted above, Frazier again cites to various sections of the FCRA and alleges that Equifax failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a). (*See* Am. Compl. at 12-15.) His allegations concerning Equifax's actions, or lack thereof, are wholly conclusory. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).